port of referees for $23 62. The defendants below prayed an appeal. The justice on application of the plaintiff below, granted a new trial, and without the request of either party, ordered the case to be heard by referees. They made a report on the second trial, and the justice entered judgment for a greater sum than that mentioned in the award.

Judgment and proceedings below reversed.

—➤»➤❀❀❀«←—

### M. A. MATHEWS and E. J. MATHEWS, def'ts. below, *vs.* NATHANIEL INGRAM, pl'ff. below.

CERTIORARI.

Upon the appearance of the parties, the defendants below claimed a trial by referees, who were appointed, and made an award in favor of the plaintiff below, for thirteen dollars and fifty cents; on which judgment was entered. The defendants below demanded a new trial, which was granted. The defendants below again claimed a trial by referees. The persons summoned as referees, after several meetings, reported that they could not agree. The justice then issued an execution on the judgment for thirteen dollars and fifty cents, though it had been opened and a new trial granted.

Proceedings below reversed.

—➤»➤❀❀❀«←—

### FRANCIS T. GIBBONS *vs.* ARCADA GIBBONS, adm'x. of Doct. JOHN GIBBONS.

An attorney in fact, not allowed to prosecute a suit, after express revocation of his authority, though he had previously accepted orders payable out of the fund to be realized by the suit, and had incurred costs in its prosecution.

SUMMONS case. On motion, judgment of nonsuit. Motion in behalf of plaintiff's attorney in fact to take off the nonsuit; and motion by defendant's counsel to dismiss the suit on the written order of plaintiff. Rules to show cause.

Francis T. Gibbons, on the 25th of January 1840, executed a letter of attorney under seal to William Hazzard, appointing him his lawful attorney, for him, and in his name, and on his behalf, to demand and receive for his use from any person indebted to him, all debts &c., due and owing; and to sue for the same; to give discharges, &c., and generally to negotiate, transact and perform all business for him, as fully as he could do if he were present; agreeing to ratify and confirm all the acts of his said attorney lawfully done; and further agreeing not to revoke the letter of attorney before the attorney should have settled a special matter of co-partnership with one William Laws, which was then a matter of difference, under the forfeiture of five hundred dollars.

It was admitted that this matter was settled with Laws immediately after the date of the letter of attorney. On the 14th of February, 1840, William Hazzard made the following acknowledgment to a creditor of F. T. Gibbons.

Mr. P. N. Rust, Sir :—F. T. Gibbons' note to you for fifty dollars, which will mature at about four months hence, will be met at its maturity, if the funds can be had from Dr. John Gibbons' administratrix, or so soon after as they can be collected. In arranging the affairs of Francis and his father's estate, I shall have provision made for your debt.

WILLIAM HAZZARD, <em>Agent.</em>

February 21st, 1840, $9,00. Mr. William Hazzard will pay Rhodes Hazzard nine dollars, out of the funds of

FRANCIS T. GIBBONS.

Accepted February 21st, 1840.—William Hazzard.

February 21st, 1840, $18 94. William Hazzard will pay to Hazzard and Prettyman, eighteen dollars and ninety-four cents out of any funds in his possession of

FRANCIS T. GIBBONS.

Accepted February 21st, 1840.

October 12th, 1840. Mrs. Arcada Gibbons, administratrix of John Gibbons, deceased, Madam :—Please pay to William Hazzard, my attorney in fact, any sum or sums of money that may have come into your hands, or may hereafter come into your hands, due to me, either as creditor or heir of John Gibbons, deceased.

FRANCIS T. GIBBONS.

Accepted as of the date within.—Arcada Gibbons.

September 29th, 1843, F. T. Gibbons addressed a letter to the court from Baltimore, through Mr. Ridgely, his counsel in this case against Arcada Gibbons, stating that he had compromised that matter with her, and was " entirely satisfied and compensated;" and that he had no claim against his father's estate.

On the other page of this letter was the following.

*City of Baltimore,* Sept. 29th, 1843.

Gentlemen,

Whereas a certain power of attorney given by me to a certain William Hazzard, to adjust a difficulty then existing between myself and William Laws, impowering him to act as my agent until the same should be settled, and then, to be null and void. I wish to be specially noticed, as he wishes to extend the same to my general business; such, gentlemen, is not, nor never was my *intent, wish,* or *desire,* and since my return from Missouri, I have repeatedly and often verbally cancelled it, and I now wish it officially and legally so ; and do not countenance or authorize any act or will of his, in any shape, to be my *intent, wish,* or *desire.*

Respectfully,

FRANCIS T. GIBBONS.

The above letters were in the possession of Arcada Gibbons, the defendant in the cause.

The question was whether the court would allow Wm. Hazzard, as the attorney in fact of F. T. Gibbons, to prosecute this suit further against Arcada Gibbons, as administratrix of John Gibbons, after his revocation of the attorney's authority. A nonsuit had been entered on account of the failure of Wm. Hazzard to procure evidence at the last term; but on his affidavit, he now satisfied the court that he had used due diligence to procure the evidence.

Rule to show cause, why the nonsuit should not be taken off.

*Frame,* in support of the rule.—The question is, whether Wm. Hazzard has the right to prosecute this suit, notwithstanding the order of Francis Gibbons, to discontinue it. If the court find that Wm. Hazzard has an interest in the suit, they will protect it. He has such interest under the order of October 12th, 1840. It is true that order is to pay Wm. Hazzard " my attorney in fact," but this is a mere description of the person, and does not show the want of interest which Hazzard has in the order.

*Wootten.*—The terms of the order are conclusive. It was given to pay the money to the attorney in fact of Francis Gibbons, and not

to Wm. Hazzard as having any personal interest in it. It proves none.

Rule discharged.

*Ridgely* and *Frame*, for Hazzard.
*Wootten*, for the defendant.

—➤➤➤》❸❸❸《《《◄—

THOMAS WEST, of R., d. b. *vs.* PETER D. SHOCKLEY, p. b., as-  
signee of WM. B. PARSONS.

CERTIORARI.

The judgment to which the certiorari was taken was entered July 6, 1837, and execution issued the same day. The exceptions were sufficient to reverse the original judgment; but as the certiorari issued October 13, 1843, more than five years from rendition of the judgment, it was on this account dismissed. This objection was made by Mr. Cullen, counsel for the plaintiff below. And although the proceeding by scire facias, after the levy under the fi. fa., which still remains undisposed of, was erroneous; the Court said this error did not change the nature of the case. The certiorari being dismissed as regards the original judgment, cannot operate on the proceedings by scire facias.

—➤➤➤》❸❸❸《《《◄—

The Lessee of PRETTYMAN WALLS *vs.* JOHN M'GEE et al. tenants.

The jury directed to presume a *patent* from the State on proof of a warrant one hundred and three years old—located sixty-seven years ago—and a possession of eighty-eight years.

Thirty years' possession will not give title as against the State.

An alteration of the record of an old survey unaccounted for, but proved to have been recently done, will not affect rights previously existing under it.

EJECTMENT for ninety and three quarters acres of land in Indian River hundred.

The plaintiff's lessor in this case claimed title under a patent from the State dated in 1842, founded on a general or "floating" warrant and survey; the warrant dated in 1795, and survey made in pursuance thereof in 1842. The warrant was issued by Jos. Russell, recorder of deeds for Sussex county, to Rhodes Shankland, surveyor,